HAEGGQUIST & ECK, LLP
ALREEN HAEGGQUIST (221858)
  alreenh@haelaw.com
AARON M. OLSEN (259923)
  aarono@haelaw.com
ANNA C. SCHWARTZ (346268)
  annas@haelaw.com
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: (619) 342-8000
Facsimile: (619) 342-7878

Attorneys for Plaintiffs Darlene Tuulik,
Carla J. Utter, Christeen Johnson and the
Proposed Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE TUULIK, an individual; CARLA J. UTTER, an individual; CHRISTEEN JOHNSON, an individual; on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JAIME S. SCHWARTZ, MD, an individual; JAIME S. SCHWARTZ, MD PC, a California professional corporation; KAREN HERBST, MD, an individual; KAREN HERBST, MD PC, a California professional corporation; and TOTAL LIPEDEMA CARE, a California corporation, <br><br> Defendants. | Case No.: **'25CV576 JES MSB** <br><br> <u>CLASS ACTION</u> <br><br> CLASS ACTION COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF FOR: <br> 1. VIOLATION OF THE CONFIDENTIALITY OF MEDICAL INFORMATION ACT; <br> 2. NEGLIGENCE; <br> 3. VIOLATION OF THE UNFAIR COMPETITION LAW [Cal. Bus. & Prof. Code § 17200]; <br> 4. INVASION OF PRIVACY; <br> 5. VIOLATION OF CALIFORNIA CIVIL CODE § 1798.80, *et. seq.* <br> 6. UNJUST ENRICHMENT; and <br> 7. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING <br><br> <u>DEMAND FOR JURY TRIAL</u> |

HAEGGQUIST & ECK, LLP

Plaintiffs DARLENE TUULIK, an individual, CARLA J. UTTER, an individual, and CHRISTEEN JOHNSON, an individual, (collectively, "Class Plaintiffs") by their attorneys, bring this action on behalf of themselves and all others similarly situated against Defendants JAIME S. SCHWARTZ, MD, and JAIME S. SCHWARTZ, MD PC, a California professional corporation (collectively, "Dr. Schwartz"), KAREN HERBST, MD, and KAREN HERBST, MD PC, a California professional corporation (collectively, "Dr. Herbst"), and TOTAL LIPEDEMA CARE, a California corporation (collectively with Dr. Schwartz and Dr. Herbst, "Defendants"). Allegations herein are made on personal knowledge as to Class Plaintiffs and information and belief as to all other matters.

## NATURE OF THE CASE

1.    Dr. Schwartz is a prominent plastic surgeon with offices in Beverly Hills and Dubai. He has appeared on hit television shows, including "Botched" and "The Doctors."

2.    Dr. Herbst is an internationally recognized lipedema expert and is Vice President of the Lipedema World Alliance.

3.    Dr. Schwartz and for a time, Dr. Herbst worked together at Total Lipedema Care where they shared office space, patients and the same computer system that carried their patients' private medical information.

4.    On their websites, Defendants claim they "respect" and "will do all [they] can to secure and protect" patient privacy.[1] Nothing could be further from the truth.

5.    Despite charging clients thousands of dollars and having access to their confidential personal medical information, including photos and videos of them naked, Defendants failed to provide even minimally adequate computer systems and

---

[1] https://www.drjaimeschwartz.com/client-resources/;
https://www.totallipedemacare.com/privacy-acknowledgement-form/

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF

HAEGGQUIST & ECK, LLP

1  data security practices, necessary to protect such information from cybercriminals and
2  data leaks.

3      6.    As a result, Defendants' data was hacked and all of their patients'
4  confidential personal medical information is now in the hands of cybercriminals.
5  What's worse is Defendants knew for over a year and said nothing to their patients.

6                   **JURISDICTION AND VENUE**

7      7.    This Court has subject matter jurisdiction pursuant to the Class Action
8  Fairness Act, 28 U.S.C. § 1332. The amount in controversy in this action exceeds
9  $5,000,000, exclusive of interests and costs. There are more than 100 members in the
10  proposed class. Class Plaintiffs estimate that the data breaches affected hundreds, if
11  not thousands, of Dr. Schwartz and Dr. Herbst's patients. At least one member of the
12  class is a citizen of a state different from Defendants.

13      8.    The Court has personal jurisdiction over Defendants who maintain
14  minimum contacts in this District, and who regularly transact business within the State
15  of California.

16      9.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a
17  substantial part of the events, acts, and omissions giving rise to Class Plaintiffs' claims
18  occurred in and emanated from this District, such as dissemination of confidential
19  personal medical information.

20      10.    California has a significant interest in regulating businesses operating
21  within its jurisdiction, including the protection of consumers' rights and personal data.

22      11.    Dr. Schwartz and Total Lipedema Care's operations are headquartered
23  in Beverly Hills, California, from where they oversee all corporate policies, including
24  data security, from within the state. Based on available information, decisions
25  regarding Defendants' response to the data breach originated from California.

26      12.    Dr. Herbst is licensed to practice medicine in California and during the
27  time she worked with Dr. Schwartz, primarily saw patients in Los Angeles, California.
28  Dr. Herbst traveled from Beverly Hills to Arizona, where she resides, and where

HAEGGQUIST & ECK, LLP

2

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF

Defendants had a second location. The location in Arizona was where Dr. Herbst had her private practice which is now known as the Roxbury Institute (Amron).

13.    Because Defendants' actions and failures to act occurred in California, California's laws are appropriately applied. Under California's choice of law principles, California law governs the nationwide claims of Class Plaintiffs and the Class.

14.    Additionally, California's Unfair Competition Law ("UCL"), California Confidentiality of Medical Information Act ("CMIA"), and Consumer Privacy Act apply to non-resident Class Plaintiffs due to Defendants' business operations in California and the fact that the acts and omissions from which liability arose occurred in California.

## THE PARTIES

15.    Plaintiff Darlene Tuulik ("Ms. Tuulik") is a resident and citizen of San Diego, California. Ms. Tuulik sought medical treatment for her lipedema disorder from both Dr. Schwartz and Dr. Herbst. During such treatment, Defendants obtained her Personal Information, including but not limited to, first name, last name, birthdate, address, and nude photos and videos of her sensitive body parts. Ms. Tuulik was notified of a data breach of Defendants' Data Systems in January 2025. The notice stated the data breach occurred in June 2024, despite evidence of two data breaches occurring before June 2024.

16.    Plaintiff Carla J. Utter ("Ms. Utter") is a resident and citizen of Gilbert, Arizona. Ms. Utter sought medical treatment for lipedema from Dr. Schwartz. Prior to the initial consult with Dr. Schwartz, Defendants obtained her Personal Information, including but not limited to, first name, last name, birthdate, address, and nude photos of her sensitive body parts. Ms. Utter was notified of a data breach of Defendants' Data Systems in January 2025. The notice stated the data breach occurred in June 2024, despite evidence of two data breaches occurring before June 2024.

3

17.    Plaintiff Christeen Johnson ("Ms. Johnson") is a resident and citizen of San Diego, California.  Ms. Johnson sought medical treatment for lipedema from both Dr. Schwartz and Dr. Herbst.  During such treatment, Defendants obtained her Personal Information, including but not limited to, first name, last name, birthdate, address, and nude photos and videos of her sensitive body parts. Ms. Johnson was never notified of a data breach of Defendants' Data Systems.

18.    Defendant Jaime S. Schwartz, MD is an individual and, on information and belief, a resident of Los Angeles County, California.  Dr. Schwartz owns and operates Jaime S. Schwartz, MD PC.

19.    Defendant Jaime S. Schwartz, MD PC is a California professional corporation with its principal place of business in Beverly Hills, California. Jaime S. Schwartz, MD PC operates two plastic surgery practices in Beverly Hills and Dubai.

20.    Defendant Karen Herbst, MD is an individual and, on information and belief, a resident of Pima County, Arizona, with an office in Los Angeles, California.

21.    Defendant Karen Herbst, MD PC is a California professional corporation with its principal place of business in Beverly Hills, California.

22.    Total Lipedema Care is a California corporation with its principal place of business in Beverly Hills, California.  It is led by Dr. Schwartz.

23.    During the time of the data breaches, Dr. Herbst shared office space with Dr. Schwartz and both worked together at Total Lipedema Care, sharing the same data system to store their patients' personal medical information.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

24.    On information and belief, at all relevant times herein, Defendants Dr. Schwartz and Dr. Herbst, both treated Class Plaintiffs. Further, it is alleged both Defendants Dr. Schwartz and Dr. Herbst, had custody and/or control of Class Plaintiffs' Personal Information, and owed Class Plaintiffs a duty to safeguard such information.

HAEGGQUIST & ECK, LLP

4

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF

25.    On or about October 17, 2023, the FBI issued a Public Service Announcement, <u>Cybercriminals are Targeting Plastic Surgery Offices and Patients,</u> warning plastic surgery practices, like Defendants that cybercriminals were targeting them "to harvest personally identifiable information and sensitive medical records, to include sensitive photographs in some instances." The FBI explained the cybercriminals were then using the harvested data to extort individuals.

26.    Dr. Schwartz and Dr. Herbst disregarded these warnings and failed to take patient security seriously. As a result of their negligence, they allowed their Data Systems to be compromised ***twice*** in less than a year. On information and belief, the cybercriminals gained access to Defendants' entire Data Systems and all or substantially all patient data and personal information.

27.    On information and belief, the First Data Breach occurred on or about October 24, 2023. The cybercriminals downloaded 1.1 terabytes of patient personal information, reflecting almost 250,000 unique files. The personal information included, among other things, first names, last names, addresses, birthdates, sensitive medical information, prescription medications, health information, nude photographs and videos of patients taken during treatment, including images with both their faces and private parts visible, and images taken during surgery reflecting their surgical procedures ("Personal Medical Information"). The cybercriminals stole private personal and medical data from thousands of patients to use to extort Defendants.

28.    Defendants failed to timely notify their patients (i.e. Class Plaintiffs) or the Attorney General as required by law, and instead actively hid the first Data Breach.  Defendants also failed to take reasonable measures to secure their Data Systems to prevent another data breach from occurring.

29.    In March of 2024, Defendants' Data Systems were breached for a second time ("Second Data Breach").  Both data breaches are collectively referred to as the "Data Breaches." Based on information and belief, the cybercriminals again

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF

HAEGGQUIST & ECK, LLP

gained access to Defendants' entire network of all or substantially all patient data and Personal Medical Information.

30.     Defendants failed to again timely notify their patients as required by law. Rather, Defendants only notified Class Plaintiffs after the cybercriminals posted a public website (the "Hacker Website"), announcing the hack and leaking patients' names, contact information, and nude photographs, and began contacting their patients directly. Despite knowing their patients' most private medical data was in the hands of cybercriminals, Defendants waited nearly ten (10) months after the Second Data Breach to notify some of their patients. Only after their nude photos and home addresses began being posted online – accessible to anyone with an internet connection – did Defendants issue a cursory, vague, and misleading data breach notice.

31.     On information and belief, Defendants still have not notified all of their patients whose Personal Medical Information was leaked.

32.     To date, the hackers have posted approximately 40 patient files, complete with names, dates of birth, phone numbers, home addresses, and nude photos – including photos of unconscious patients during surgery. They have warned that they will continue releasing patient files, 10 at a time, until Defendants contact them to address the matter.

33.     In addition to the usual array of plastic surgery offerings, such as liposuction and breast augmentation, Defendants specialize in treatment of lipedema. Lipedema is a painful and potentially disfiguring condition primarily affecting women. It involves the abnormal buildup of fat in the body, specifically in the buttocks, thighs, calves, arms and trunk.

34.     Class Plaintiffs are patients of Defendants Dr. Schwartz and/or Dr. Herbst and victims of the Data Breaches. Each of them sought medical treatment from Defendants to address either their lipedema or other medical issues on the understanding that their treatment and medical records would be kept strictly

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF

HAEGGQUIST & ECK, LLP

confidential. As a result of Defendants' consultation, evaluation and medical treatment, Defendants obtained extensive Personal Medical Information about their patients, including naked photographs and videos. These photographs and videos include detailed, nude and semi-nude images of their pelvic areas, breasts, thighs, and buttocks, including images and video taken before, during and after surgery.

35.    On information and belief, the Personal Medical Information was exfiltrated from Defendants' Data Systems during the Data Breaches. Class Plaintiffs have been threatened with the imminent release of this Personal Medical Information.

36.    On information and belief, Class Plaintiffs allege Defendants failed to timely notify them, the Attorney General's office or the Department of Health and Human Services, as required by law.

37.    Class Plaintiffs bring this action for injunctive relief to rectify Defendants' negligent cybersecurity practices and to require them to destroy or secure the Personal Medical Information in their possession.  Class Plaintiffs also seek statutory damages and damages for the severe emotional distress endured by having their Personal Medical Information comprised

## CLASS ACTION ALLEGATIONS

38.    Class Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and all other similarly situated persons in the following class:

> All persons residing in the United States whose personal
> and medical information was compromised as a result of the
> Data Breaches ("the Class").

39.    Class Plaintiffs reserve the right to amend this Class and to add subclasses.

40.    The Court should permit this action to be maintained as a class action pursuant to Federal Rule of Civil Procedure 23, because each of the requirements for class treatment is satisfied.

HAEGGQUIST & ECK, LLP

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF

41.    **Numerosity**: The Class is so numerous that individual joinder of all members is impracticable. Plaintiffs are informed and believe there are hundreds if not thousands of total class members, and the class members are geographically dispersed.

42.    **Typicality**. Class Plaintiffs' claims are typical of those of other class members. Each Class Plaintiff had their sensitive Personal Medical Information accessed and exfiltrated during the cybersecurity attacks as described above.

43.    **Commonality.** The claims of class members raise many common legal and factual issues, which predominate over any individualized issues, including, without limitation, the following**:**

(a)    Whether Class Members Personal Information stored on Defendants' Data System constituted protected personal identifying information and/or protected health information under state law;

(b)    Whether Defendants acted negligently in connection with the monitoring and/or protection of Class Plaintiffs' and Class Members' Personal Medical Information;

(c)    Whether Defendants acted negligently in connection with the monitoring and/or protection of Class Plaintiffs' and Class Members' Personal Medical Information;

(d)    Whether and when Defendants learned of the First Data Breach and Second Data Breach and whether their response was adequate under law;

(e)    Whether Defendants were required under California law to promptly notify affected patients of the data breaches;

(f)    Whether Defendants did promptly notify patients of the Data Breaches;

(g)    Whether Defendants owed a duty to the Class Plaintiffs or Class Members to exercise due care in collecting, storing, safeguarding, and/or obtaining their Personal Medical Information;

8

(h)     Whether Defendants breached that duty;

(i)     Whether Defendants implemented and maintained reasonable security procedures and practices appropriate to the nature of the risk of storing Class Plaintiffs' and Class Members' Personal Medical Information;

(j)     Whether Defendants knew or should have known that they did not employ reasonable measures to keep Plaintiffs' and Class Members' Personal Information secure and prevent loss or misuse of that Personal Medical Information;

(k)     Whether Defendants adequately addressed and fixed the vulnerabilities which permitted the Data Breaches to occur;

(l)     Whether Defendants caused Class Plaintiffs and Class Members damages through their negligent conduct and violation of law;

(m)     Whether Defendants violated the California Unfair Competition Law (Business & Professions Code § 17200, et seq.); and

(n)     Whether Class Members are entitled to actual damages, injunctive relief, and/or punitive damages due to Defendants' wrongful conduct.

44.     **Adequacy**: Class Plaintiffs are adequate representatives of the Class. Class Plaintiffs are aware of their fiduciary obligations to Class Members, will fairly and adequately protect those interests, and have no disabling conflicts that would be antagonistic to those Class Members. Class Plaintiffs have retained competent, counsel, experienced in consumer class actions and other complex litigation.

45.     **Superiority and Manageability**: Class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein in view of the large number of victims. It will permit a large number of Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require.

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF

HAEGGQUIST & ECK, LLP

46.    The nature of this action and the nature of laws available to Class Plaintiffs and Class Members make the use of the class action device a particularly efficient and appropriate procedure to afford relief for the wrongs alleged. Absent class proceedings, Defendants would necessarily gain an unconscionable advantage since Defendants would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Class Plaintiffs were exposed is representative of that experienced by Class Members and will establish the right of each Class Member to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative.

47.    Defendants are located and headquartered in California, are licensed as physicians in California, all plaintiffs were treated in California, on information and belief, all managerial decisions are made in California, and all the omissions and affirmative acts complained of herein occurred within California. Therefore, the application of California law is appropriate.

48.    The litigation of the claims brought herein is manageable. Defendants' uniform conduct, the consistent provisions of the relevant law, and the ascertainable identities of Class Members demonstrated that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

49.    Adequate notice can be given to Class Members directly using information maintained in Defendants' records.

50.    Unless a Class-wide injunction is issued, Class Plaintiffs and Class Members remain at risk that Defendants will continue to fail to properly secure their Personal Medical Information, resulting in another data breach, continue to refuse to provide proper notification to Class Plaintiffs or Class Members regarding the Data Breach, and continue to act unlawfully as set forth in this Complaint.

HAEGGQUIST & ECK, LLP

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF

51.    Defendants have acted or refused to act on the grounds generally applicable to the Class and, accordingly, final injunctive or corresponding declaratory relief with the Class members as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

## COUNT I

### Violation of the Confidentiality of Medical Information Act; Cal. Civ. Code §56, *et seq.*

52.    Class Plaintiffs restate and reallege all of the foregoing paragraphs as if fully incorporated herein.

53.    At all relevant times, Defendants were providers of healthcare within the meaning of California Civil Code § 56.06(a) and maintain medical information as defined by California Civil Code § 56.05.

54.    Class Plaintiffs and Class Members are patients of Defendants, as defined in California Civil Code § 56.05(k).

55.    Class Plaintiffs and Class Members provided their Personal Medical Information to Defendants.

56.    At all relevant times, Defendants collected, stored, managed, and transmitted Class Plaintiffs' and Class Members' Personal Medical Information.

57.    As a provider of health care, Defendants are required by the CMIA to ensure that medical information regarding patients is not disclosed, disseminated, or released without patients' authorization, and to protect and preserve the confidentiality of the medical information regarding a patient, under California Civil Code §§ 56.06, 56.10, 56.13, 56.20, 56.245, 56.26, 56.35, 56.36, and 56.101.

58.    As a provider of health care, Defendants are required by the CMIA not to disclose medical information regarding a patient without first obtaining an authorization under California Civil Code §§ 56.06, 56.10, 56.13, 56.20, 56.245, 56.26, 56.35, and 56.104.

HAEGGQUIST & ECK, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF

59.    As a provider of health care, Defendants are required by the CMIA to create, maintain, preserve, and store medical records in a manner that preserves the confidentiality of the information contained therein under California Civil Code §§ 56.06 and 56.101(a).

60.    As a provider of health care, Defendants are required by the CMIA to protect and preserve confidentiality of electronic medical information of Class Plaintiffs and the Class in their possession under California Civil Code §§ 56.06 and 56.101(b)(1)(A).

61.    As a provider of healthcare, Defendants are required by the CMIA to take appropriate preventive actions to protect confidential information or records against release consistent with Defendants' obligations under California Civil Code § 56.36(2)(E).

62.    As a result of the Data Breaches, Defendants have misused, disclosed, and/or allowed third parties to access, misuse, disclose, and view Class Plaintiffs' and Class Members' Personal Medical Information without their written authorization as set forth within the provisions of CMIA.

63.    The cybercriminals who committed the Data Breaches obtained Class Plaintiffs' and Class Members' Personal Medical Information, viewed it, disseminated it and have now made it available for sale or otherwise to other cybercriminals for further misuse. Class Plaintiffs' Personal Medical Information from the Data Breaches has already been made available publicly and on the dark web.

64.    Defendants' failure to preserve and negligent mishandling of the Class Plaintiffs and Class Members Personal Medical Information constitutes a violation of California Civil Code §§ 56.10, 56.11, 56.13, and 56.26.

65.    As a direct and proximate result of Defendants' wrongful actions, inaction, omissions, and want of ordinary care, Class Plaintiffs' and Class Members' Personal Medical Information was disclosed without written authorization.

12

HAEGGQUIST & ECK, LLP

66.    By disclosing Class Plaintiffs' and Class Members' confidential Personal Medical Information without their written authorization, Defendants violated California Civil Code § 56, et seq., and their legal duty to protect the confidentiality of such information.

67.    Defendants also violated California Civil Code §§ 56.06 and 56.101, which prohibit the negligent creation, maintenance, preservation, storage, abandonment, destruction, or disposal of confidential personal medical information.

68.    As a direct and proximate result of Defendants' wrongful actions, inaction, omissions, and want of ordinary care that caused the Data Breaches, Class Plaintiffs' and Class Members' confidential Personal Medical Information was viewed by, released to, and disclosed to third parties without Class Plaintiffs' and Class members' written authorization.

69.    Defendants' negligent and reckless failure to maintain, preserve, store, abandon, destroy, and/or dispose of Class Plaintiffs' and Class Members' confidential Personal Medical Information in a manner that preserved the confidentiality of the information violated the CMIA, Cal. Civ. Code §§ 56.06 and 56.101(a).  Defendants failed to develop capabilities, policies, and procedures, to maintain data systems that protect and preserve the integrity of Class Plaintiffs' and Class Members Personal Medical Information in violation of the CMIA, Cal. Civ. Code § 56.101.

70.    As a direct and proximate result of Defendants' and/or their employees' above-described conduct in violation of the CMIA, Class Plaintiffs and Class Members were injured and have suffered damages, as described above, from Defendants' illegal disclosure and/or negligent failure to preserve their confidential Personal Medical Information in violation of California Civil Code §§ 56.10 and 56.101.  Class Plaintiffs and Class Members are therefore entitled to statutory damages of one thousand dollars ($1,000) for each violation under California Civil Code § 56.36(b)(1); the amount of actual damages, if any, for each violation under

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF

California Civil Code § 56.36(b)(2); injunctive relief; and attorneys' fees, cost, and expenses.

## COUNT II

### Negligence

71.    Class Plaintiffs incorporate and reallege all of the foregoing Paragraphs as if fully set forth herein.

72.    Class Plaintiffs and Class Members were obligated to provide Defendants directly, or through its employees, with their Personal Medical Information to obtain services.

73.    Class Plaintiffs and Class Members entrusted their Personal Medical Information to Defendants with the understanding that Defendants would safeguard their Personal Medical Information and properly maintain security policies and procedures to prevent data breaches of their data systems.

74.    Defendants had full knowledge of the sensitivity of the Personal Medical Information and the types of harm that Class Plaintiffs and Class Members could and would suffer if the Personal Medical Information was wrongfully disclosed.

75.    Defendants had a duty to exercise reasonable care in safeguarding, securing, preserving, maintaining and protecting such Personal Medical Information from being compromised, lost, stolen, misused, leaked, and/or disclosed to unauthorized individuals. This duty includes, among other things, designing, maintaining, implementing, and testing the security of their data systems to ensure that Personal Medical Information in Defendants' possession was adequately secured and protected, and that employees and vendors tasked with preserving and maintaining such information were adequately trained on relevant cybersecurity measures.

76.    Class Plaintiffs and Class Members were the foreseeable and probable victims of any inadequate security practices and procedures. Defendants knew or should have known of the inherent risks in collecting and storing Personal Medical

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF

HAEGGQUIST & ECK, LLP

Information of the Class Plaintiffs and Class Members, the critical importance of providing adequate security for that information, the ongoing cyber threats against others in the medical field, and that their training, education, and IT security protocols were insufficient to secure the Personal Medical Information of Class Plaintiffs and Class Members.

77.    Defendants' own conduct created a foreseeable risk of harm to Class Plaintiffs and Class Members. Defendants' misconduct included, but was not limited to, failing to take reasonably necessary steps to prevent the Data Breaches as set forth herein. Defendants' misconduct also included their decision not to maintain security protocols that comply with the Health Insurance Portability and Accountability Act ("HIPAA") and industry standards for the safekeeping and authorized disclosure of Personal Medical Information of Class Plaintiffs and Class Members.

78.    Class Plaintiffs and Class Members had no ability to protect their Personal Medical Information that was in Defendants' possession.

79.    Defendants were in a position to protect against the harm suffered by Class Plaintiffs and Class Members as a result of the Data Breaches.

80.    Defendants have at least partially admitted that Class Plaintiffs' and Class Members' Personal Medical Information was wrongfully disclosed and leaked to unauthorized individuals as a result of the Data Breaches and Defendants' failure to maintain proper security protocol for their Data Systems.

81.    Through their actions and omissions, Defendants unlawfully breached their duty to Class Plaintiffs and Class Members by failing to exercise reasonable care in protecting and safeguarding Class Plaintiffs' and Class Members' confidential Personal Medical Information while it was within Defendants' possession and control. Defendants improperly and inadequately maintained Class Plaintiffs' and Class Members' Personal Medical Information in deviation of standard industry rules, regulations, and practices at the time of the Data Breaches. Based on information and

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF

belief, Class Plaintiffs allege Defendants failed to properly encrypt Class Plaintiffs' Personal Medical Information as required by law.

82. Through their actions and omissions, Defendants unlawfully breached their duty to Class Plaintiffs and Class Members by failing to have appropriate procedures in place to detect data breaches and prevent dissemination of Class Plaintiffs' and Class Members' Personal Medical Information.

83. Through their actions and omissions, Defendants unlawfully breached their duty to adequately notify Class Plaintiffs and Class Members of the existence and scope of the Data Breaches.

84. Through their actions and omissions, Defendants failed to take reasonable steps to mitigate harm caused by their negligence including attempting to contain the further dissemination of Personal Medical Information.

85. But for Defendants' negligent breach of duties owed to Class Plaintiffs and Class Members, Class Plaintiffs' and Class Members' Personal Medical Information would not have been compromised and/or misused by unauthorized individuals to engage in fraudulent activity and public disclosure that further harmed Class Plaintiffs and Class Members.

86. There is a temporal and close causal connection between Defendants' failure to implement proper security measures of their Data Systems to protect the Personal Medical Information and the harm suffered, or risk of imminent harm suffered, by Class Plaintiffs and the Class.

87. As a result of Defendants' negligence, unauthorized individuals acquired Class Plaintiffs' and Class Members Personal Medical Information and used that Personal Medical Information to harm Class Plaintiffs and Class Members as described above.

88. As a further result of Defendants' negligence, Class Plaintiffs and Class Members have suffered and will continue to suffer damages and injury that may constitute negligence per se.

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF

89.    Specifically, Section 5 of the Federal Trade Commission ("FTC") Act prohibits "unfair ... practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendants, of failing to use reasonable measures to protect confidential information. The FTC publications and orders described above also form part of the basis of Defendants' duty in this regard.

90.    Defendants violated Section 5 of the FTC Act by failing to use reasonable measures to protect Class Plaintiffs' and Class Members' confidential Personal Medical Information and by not complying with applicable industry standards, as described in detail herein. Defendants' conduct was particularly unreasonable given the nature and amount of Personal Medical Information they obtained and stored, and the foreseeable consequences of a data breach including, specifically, the damages that would result to Class Plaintiffs and Class Members.

91.    Defendants' violation of Section 5 of the FTC Act constitutes negligence per se.

92.    Class Plaintiffs and Class Members are within the class of persons that the FTC Act was intended to protect.

93.    The harm that occurred as a result of the Data Breaches is the type of harm the FTC Act was intended to guard against. The FTC has pursued enforcement actions against businesses which, due to their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm as that suffered by Class Plaintiffs and Class Members.

94.    Defendants' violation of HIPAA also independently constitutes negligence per se.

95.    HIPAA privacy laws were enacted with the objective of protecting the confidentiality of patients' healthcare information and setting forth the conditions under which such information can be used, and to whom it can be disclosed. These privacy laws apply not only to healthcare providers and the organizations they work

17

HAEGGQUIST & ECK, LLP

for, but to any entity that may have access to healthcare information about a patient, where exposure of such information could present a risk of harm to the patient's finances or reputation Class Plaintiffs and Class Members have suffered, and continue to suffer, injuries and damages arising from the Data Breaches including, but not limited to, an increased risk of identity theft, fraud, and/or misuse of their confidential Personal Medical Information, damages from lost time and effort to mitigate the actual and potential impact of the Data Breaches on their lives. Class Plaintiffs and Class Members have also suffered severe emotional distress as alleged above.

96.    Class Plaintiffs and Class Members are within the class of persons that HIPAA privacy laws were intended to protect.

97.    The harm caused by the Data Breaches is the type of harm HIPAA privacy laws were intended to guard against.

98.    As a direct and proximate result of Defendants' negligence per se, Class Plaintiffs and the Class have suffered, and continue to suffer, injuries and damages arising from the Data Breaches as alleged above.

99.    Class Plaintiffs and Class Members have also suffered damages, which may take months if not years to discover and detect.

100.    Defendants' conduct, as alleged herein, was willful, fraudulent, and malicious. Defendants deliberately disregarded the need to safeguard Class Plaintiffs' and Class Members' confidential Personal Medical Information and were willfully indifferent to the risk to Class Plaintiffs and Class Members of wrongful access to and disclosure of their confidential Personal Medical Information. In addition, Defendants misled Class Plaintiffs and Class Members as to the facts surrounding the Data Breaches, including the nature and scope of the breaches, and the reasons the breaches occurred.

**COUNT III**

**Violation of the California Unfair Competition Law,
Cal. Bus. & Prof. Code §§17200, *et. seq.* ("UCL")**

HAEGGQUIST & ECK, LLP

101.   Class Plaintiffs restate and reallege all of the foregoing Paragraphs as if fully incorporated herein.

102.   The UCL" prohibits any "unlawful," "fraudulent," or "unfair" business act or practice and any false or misleading advertising, as defined by the UCL and relevant case law.

103.   By reason of Defendants' above-described wrongful actions, inaction, and omissions, the resulting Data Breaches, and the unauthorized disclosure of Class Plaintiffs and Class Members' Personal Medical Information, Defendants engaged in unlawful, unfair, and fraudulent practices within the meaning of the UCL.

104.   Defendants' business practices as alleged herein are unfair because they offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers, in that the confidential information of Class Plaintiffs and Class members has been compromised for unauthorized parties to see, use, and otherwise exploit.

105.   In the course of conducting their business, Defendants committed "unlawful" business practices by, *inter alia*, knowingly failing to design, adopt, implement, control, direct, oversee, manage, monitor, and audit appropriate data security processes, controls, policies, procedures, protocols, and software and hardware systems to safeguard and protect Class Plaintiffs' and Class Members' Personal Medical Information, and by violating the statutory and common law alleged herein, including, *inter alia*, California's CMIA (Cal. Civ. Code §§ 56.10(a), (e); 56.101(a), 56.101(b)(1)(A); 56.36), the California Consumer Privacy Act of 2018 ("CCPA") (Cal. Civ. Code §1798.150(a)(1)), California Civil Code § 1798.81.5, and Article I, Section 1 of the California Constitution (constitutional right to privacy).

97.   Defendants also violated the UCL by failing to adequately and timely notify Class Plaintiffs and Class Members pursuant to California Civil Code § 1798.82(a) regarding the unauthorized access and disclosure of their Personal Medical Information. Had Class Plaintiffs and Class Members been adequately and

19

HAEGGQUIST & ECK, LLP

timely notified in an appropriate fashion, they could have taken precautions to safeguard and protect their Personal Medical Information and identities.

106. Defendants' above-described wrongful actions, inaction, and omissions, the resulting Data Breaches, and the unauthorized release and disclosure of Class Plaintiffs' and Class Members' Personal Medical Information also constitute "unfair" business acts and practices within the meaning of the UCL in that Defendants' conduct was substantially injurious to Class Plaintiffs and Class Members, offensive to public policy, immoral, unethical, oppressive, and unscrupulous, and the gravity of Defendants' conduct outweighs any alleged benefits attributable to such conduct. Said acts, omissions and inaction violated strong public policies embodied in the California Constitution, the CMIA, the CCPA, and HIPAA.

107. In addition, Defendants engaged in unlawful acts and practices by failing to disclose the Data Breaches in a timely and accurate manner, contrary to the duties imposed by Cal. Health & Safety Code § 1280.15(b)(2).

108. Class Plaintiffs and Class Members suffered (and continue to suffer) injury in fact, invasion of privacy, and lost money or property as a direct and proximate result of Defendants' above-described wrongful actions, inaction, and omissions including, *inter alia*, the unauthorized release and disclosure of their confidential Personal Medical Information. They paid more for Defendants' products and services than they otherwise would have paid had they known Defendants were not providing the reasonable security represented in Defendants' stated privacy policies and as required by law. Defendants' security practices have economic value in that reasonable security practices reduce the risk of theft of Personal Medical Information collected, maintained, and stored by Defendants.

109. Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard Class Plaintiffs' and Class Members' Personal Medical Information and that the risk of a data breach or theft was highly likely. Defendants' actions in engaging in the above-named unlawful

practices and acts were negligent, knowing, and willful, and/or wanton and reckless with respect to the rights of Class Plaintiffs and Class Members.

110. Class Plaintiffs seek prospective injunctive relief, including improvements to Defendants' Data Systems, practices and protocols, to ensure that security for such data systems are reasonably sufficient to safeguard patients' Personal Medical Information that remains in Defendants' custody.

111. Unless such class-wide injunctive relief is issued, Defendants will continue to engage in the above-described wrongful conduct, more data breaches will occur, Class Plaintiffs and Class Members will remain at risk, and there is no other adequate remedy at law that would ensure Class Plaintiffs (and other consumers) can rely on Defendants' representations regarding data security in the future.

112. Furthermore, in the alternative to legal remedies sought herein Class Plaintiffs and the Class Members further seek restitution of money or property that Defendants have acquired by means of Defendants' unlawful and unfair business practices; restitutionary disgorgement of all profits accruing to Defendants because of Defendants' unlawful and unfair business practices; declaratory relief; attorneys' fees and costs (pursuant to Cal. Code Civ. Proc. § 1021.5); and injunctive or other equitable relief.

## COUNT IV

### Invasion of Privacy

113. Class Plaintiffs incorporate and reallege all the foregoing Paragraphs as if fully set forth herein.

114. California established the right to privacy in Article 1, Section 1 of the California Constitution.

115. Class Plaintiffs and Class Members had a legitimate and reasonable expectation of privacy regarding their confidential Personal Medical Information and were entitled to protection of this information against disclosure to unauthorized third parties.

21

116.   Defendants owed a duty to patients, including Class Plaintiffs and Class Members, to keep their confidential Personal Medical Information confidential.

117.   The unauthorized access to and release of Personal Medical Information, especially personal data, health information, medical information, sensitive photographs, and videos of the Class Plaintiffs and Class Members, is highly offensive to a reasonable person.

118.   The intrusion was into a place or thing, which was private and entitled to be private. Class Plaintiffs and Class Members disclosed their Personal Medical Information to Defendants as part of their use of Defendants' medical services, with the intention and reasonable understanding that the Personal Medical Information would be kept confidential and protected from unauthorized access and disclosure. Class Plaintiffs and Class Members were reasonable in their belief that such information would be kept private and would not be disclosed without their authorization.

119.   The Data Breaches constitute an intentional interference with Class Plaintiffs' and Class Members' interest in solitude or seclusion, either as to their persons or as to their private affairs or concerns, of a kind that would be highly offensive to a reasonable person.

120.   Defendants acted with a knowing state of mind when they knowingly failed to have adequate cybersecurity practices and protocols to prevent Data Breaches of their Data Systems. Defendants knew their Data Systems were inadequate when they were first hacked in October of 2023, and then hacked again in March of 2024. On information and belief, Defendants knew their Data Systems were not properly encrypted, and their cybersecurity practices were inadequate which would result in Data Breaches such as the ones that harmed Class Plaintiffs and Class Members.

121.   Acting with knowledge, Defendants had notice that their inadequate

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF

cybersecurity practices and protocols would cause injury to Class Plaintiffs and Class Members.

122. As a proximate result of Defendants' acts and omissions, Class Plaintiffs' and Class Members' Personal Medical Information was disclosed to and used by unauthorized individuals in the manner described above, causing Class Plaintiffs and Class Members to suffer damages.

123. Unless and until enjoined and restrained by order of this Court, Defendants' wrongful conduct will continue to cause great and irreparable injury to Class Plaintiffs and Class Members in that the Personal Medical Information maintained by Defendants can be viewed, distributed, disseminated and used by unauthorized individuals.

124. Class Plaintiffs and Class Members have no adequate remedy at law for the injuries because a judgment for monetary damages will not end the invasion of privacy for Class Plaintiffs and Class members.

## COUNT V

### Violation of California's Data Breach Notification Law, Cal. Civ. Code §1798.80 *et. seq.*

125. Class Plaintiffs restate and reallege all of the foregoing paragraphs as if fully set forth herein.

126. Section 1798.82 of the California Civil Code requires any "person or business that conducts business in California, and that owns or licenses computerized data that includes personal information" to "disclose any breach of the security of the system following discovery or notification of the breach in the security of the data to any resident of California whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person." Under section 1798.82, the disclosure "shall be made in the most expedient time possible and without unreasonable delay ...."

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF

127.    Under section 1798.80(e) "Personal information" means any information that identifies, relates to, describes, or is capable of being associated with, a particular individual, including, but not limited to, his or her name, signature, social security number, physical characteristics or description, address, telephone number, passport number, driver's license or state identification card number, insurance policy number, education, employment, employment history, bank account number, credit card number, debit card number, or any other financial information, medical information, or health insurance information.

128.    California's Data Breach Notification Law further provides: "A person or business that maintains computerized data that includes personal information that the person or business does not own shall notify the owner or licensee of the information of any breach of the security of the data immediately following discovery, if the personal information was, or is reasonably believed to have been, acquired by an unauthorized person." Cal. Civ. Code § 1798.82(b).

129.    Any person or business that is required to issue a security breach notification shall issue notice written in plain language and include the following information:

a.    The name and contact information of the reporting person or business subject to this section;

b.    A list of the types of personal information that were or are reasonably believed to have been the subject of a breach;

c.    If the information is possible to determine at the time the notice is provided, then any of the following:

i.    The date of the breach;

ii.    The estimated date of the breach;

iii.    The date range within which the breach occurred and the date of the notice.

d. Whether notification was delayed as a result of a law enforcement investigation, if

24

that information is possible to determine at the time the notice is provided;

v.     A general description of the breach incident; and

vi.     The toll-free telephone numbers and addresses of the major credit reporting agencies if the breach exposed a Social Security number or a driver's license or California identification card number.

130.   The Data Breaches described herein constituted a "breach of the security" of Defendants' Data Systems.

131. As alleged above, Defendants unreasonably delayed informing Class Plaintiffs and Class Members about the Data Breaches, affecting their Personal Medical Information, after Defendants knew the Data Breaches had occurred. Further, Defendants failed to inform all Class Members.

132.   Defendants failed to disclose to Class Plaintiffs and Class Members, without unreasonable delay and in the most expedient time possible, the breach of security of their unencrypted, or not properly and securely encrypted, Personal Medical Information when Defendants knew or reasonably believed such information had been compromised.

133.   Defendants' ongoing business interests gave Defendants incentive to conceal the Data Breaches from the public to ensure continued revenue, which Defendants did for many months.

134.   Based on information and belief, no law enforcement agency instructed Defendants that timely notification to Class Plaintiffs and Class Members would impede their investigation.

135.   As a result of Defendants' violation of California Civil Code § 1798.82, Class Plaintiffs and Class Members were deprived of prompt notice of the Data Breaches and were thus prevented from taking appropriate protective measures, such as securing identity theft protection. These measures could have prevented some of the damages suffered by Class Plaintiffs and Class Members because their stolen Personal Medical Information would have had less value to the cyber criminals.

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF

HAEGGQUIST & ECK, LLP

136.    As a result of Defendants' violation of California Civil Code § 1798.82, Class Plaintiffs and Class Members suffered incrementally increased damages separate and distinct from those simply caused by the Data Breaches itself.

137.    Class Plaintiffs and Class Members seek all remedies available under California Civil Code § 1798.84, including, but not limited to, the damages suffered by Class Plaintiffs and Class members as alleged above and equitable relief.

138.    Because Defendants' violations were willful, intentional, and/or reckless, Class Plaintiffs seek civil penalties not to exceed $3,000.00 per violation or, in the alternative, $500 per violation pursuant to California Civil Code § 1798.84, as well as attorney's fees and costs.

## COUNT VI

### Unjust Enrichment

139.    Class Plaintiffs hereby reallege and incorporate by reference the allegations contained in the paragraphs above, as if fully set forth herein.

140.    Defendants collected, stored and profited from Class Plaintiffs' Personal Medical Information because Class Plaintiffs provided Defendants with their Personal Medical Information and paid Defendants more for their services believing Defendants were going to protect their Personal Medical Information based on Defendants' representations that they would take reasonable security measures.

141.    Defendants, however, failed to take reasonable security measures, resulting in the Data Breaches described above.

142.    Class Plaintiffs were harmed, and it would be unjust and unfair for Defendants to retain any of the benefits obtained from their unlawful misappropriation of Class Plaintiffs' Personal Medical Information.

143.     Defendants should be ordered to disgorge the proceeds that they unjustly received from the misappropriation of Class Plaintiffs' Personal Medical Information.

## COUNT VII

### Breach of Covenant of Good Faith and Fair Dealing

26

144. Class Plaintiffs hereby reallege and incorporate by reference the allegations contained in the paragraphs above, as if full set forth herein.

145. "Every contract contains an implied covenant of good faith and fair dealing providing that no party to the contract will do anything that would deprive another party of the benefits of the contract." *Digerati Holdings, LLC v. Young Money Ent., LLC*, 194 Cal. App. 4th 873, 885 (2011). The implied covenant is "designed to effectuate the intentions and reasonable expectations of parties reflected by mutual promises within the contract." *Slivinsky v. Watkins-Johnson Co.*, 221 Cal. App. 3d 799, 806 (1990). "'"The covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another. Such power must be exercised in good faith."'" *Hicks v. E.T. Legg & Assocs.*, 89 Cal. App. 4th 496, 508 (2001) (citations omitted). The covenant "'requires the party holding such power to exercise it "for any purpose within the reasonable contemplation of the parties at the time of formation--to capture opportunities that were preserved upon entering the contract, interpreted objectively."'" *Id.* (citations omitted).

146. As stated in this Complaint, Defendants owed Class Plaintiffs a duty to safeguard their Personal Medical Information.

147. Class Plaintiffs entered into agreements with Defendants, whereby as part of the Parties' relationship, Defendants promised to keep Class Plaintiffs' Personal Medical Information confidential and protected from being improperly publicly disclosed.

148. Defendants were a direct beneficiary of the agreement. Class Plaintiffs' fully performed their obligations under the agreements.

149. Defendants unfairly interfered with Class Plaintiffs' right to receive the benefits of the agreements, including having their Personal Medical Information held in confidence and protected.

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF

150.   As a proximate result of Defendants' wrongful conduct, Class Plaintiffs have suffered, and continue to suffer, emotional distress damages in an amount to be determined according to proof at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Class Plaintiffs, on behalf of themselves and all Class Members, pray for relief as follows:

A.    An order certifying this action as a class action under Federal Rule of Civil Procedure 23, defining the Class requested herein, appointing the undersigned as Class Counsel, and finding that each of the named Class Plaintiffs is an appropriate representative of the certified Class;

B.    Injunctive relief requiring Defendants to (1) adopt, implement, and maintain reasonable data security systems that maintain personally identifying information to comply with the applicable law and industry standards; (2) engage third-party auditors and internal personnel to determine the scope of the Data Breaches and the patients whose records were compromised; (3) conduct security testing and audits on Defendants' systems on a periodic basis to ensure compliance; (4) promptly correct any problems or issues detected by such audits and testing; (5) conduct period training to inform internal personnel how to prevent, identify and contain a breach, and how to appropriately respond; and (6) to provide accurate notice of the nature and scope of the Data Breaches, and the compromised data, to all affected patients;

C.    An award of credit monitoring and identity theft protection services to Class Plaintiffs and all members of the Class;

D.    Actual, compensatory, consequential, incidental, and statutory damages;

E.    Restitution and restitutionary disgorgement;

F. Statutory damages and penalties, trebled, and/or punitive or exemplary damages, to the extent permitted by law, including, but not limited, to the following:

1. Damages not to exceed three thousand dollars ($3,000) per violation,

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF

HAEGGQUIST & ECK, LLP

1  attorney's fees not to exceed one thousand dollars ($1,000) per violation, and the costs

2  of litigation under California Civil Code § 56.35;

3      2. Statutory damages of one thousand dollars ($1,000) for each violation

4  under California Civil Code § 56.36(b)(1);

5      3. Actual damages suffered, according to proof, for each violation under

6  California Civil Code § 56.36(b)(2);

7      4. Damages of $3,000 per violation of Civil Code section 1798.83 or, in

8  the alternative, $500 per violation, pursuant to Civil Code §§ 1798.84(b);

9      H.    Attorney's fees pursuant to the common fund doctrine and as provided

10 by law, including, without limitation, under California Civil Code §§ 56.35 and

11 1798.84, and California Code of Civil Procedure § 1021.5;

12     I.    An award of costs of suit as provided by law;

13     J.    Pre- and post-judgment interest as provided by law; and

14     K.    Such other and further relief as the Court may deem just and proper.

15                          **JURY DEMAND**

16     Class Plaintiffs, on behalf of themselves and all others similarly situated,

17 hereby demand a jury trial on all issues so triable.

18 Dated: March 11, 2025          HAEGGQUIST & ECK, LLP
                                 ALREEN HAEGGQUIST (221858)
19                               AARON M. OLSEN (259923)
                                 ANNA C. SCHWARTZ (346268)
20

21

22                               By:        /s/ Alreen Haeggquist

23                                    ALREEN HAEGGQUIST
                                 225 Broadway, Suite 2050
24                               San Diego, CA 92101
                                 Telephone: (619) 342-8000
25                               Facsimile: (619) 342-7878

26

27                               Attorneys for Plaintiffs Darlene Tuulik, Carla J.
                                 Utter, Christeen Johnson and the Proposed Class
28

HAEGGQUIST & ECK, LLP

CLASS ACTION COMPLAINT FOR DAMAGES, DECLATORY, AND INJUNCTIVE RELIEF